1   D. GILL SPERLEIN (SBN 172887)
2   THE LAW OFFICE OF D. GILL SPERLEIN
3   584 Castro Street, Suite 879
    San Francisco, California  94114
4   Telephone: (415) 404-6615
5   Facsimile: (415) 404-6616
    gill@sperleinlaw.com
6
7   Attorney for Plaintiff
    CELESTIAL, INC.
8

FILED
11 OCT 14 AM 10: 11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

COPY

9
            **UNITED STATES DISTRICT COURT**
10           **CENTRAL DISTRICT OF CALIFORNIA**
11

12                                    )   CASE NO. CV11- 08512 GHK (MRWx)
13                                    )
14  CELESTIAL, INC,                   )   **COMPLAINT**
                                      )
15      Plaintiff,                    )   **(1) COPYRIGHT INFRINGEMENT;**
16                                    )       **and**
            vs.                       )   **(2) CONTRIBUTORY COPYRIGHT**
17                                    )       **INFRINGEMENT;**
    DOES 1- 10,                       )
18                                    )
19      Defendants                    )   **JURY TRIAL DEMANDED**
                                      )
20  _____)

21

22                              **JURISDICTION**
23

24      1.    This Court has subject matter jurisdiction over Plaintiff's claims for

25  copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C.  §§

26  1331 and 1338(a).
27

28

                                                              COMPLAINT

2. Defendants reside in, solicit, transact, or are doing business within the jurisdiction; they have committed unlawful and intentional tortuous acts both within and outside the jurisdiction with the full knowledge that their acts would cause injury in this jurisdiction. As such, Defendants have sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over each.

3. The audiovisual file that each of the Defendants reproduced and distributed clearly indicates displays within the first 11 seconds of play the title of the infringed work, the name of the producer, and the California business address of the producer. As each of the Defendants engaged in an intentional tort (copyright infringement) against a California company, and the infringed material clearly identified the name and California address of Plaintiff identifying it as the producer of the movie, the Defendants knew or should have known that infringement upon the copyright would cause harm and damage to Plaintiff in California.

4. Plaintiff's claims arise out of the Defendants' conduct that gives rise to personal jurisdiction over Defendants. By taking the affirmative act of both downloading and uploading a known California company's intellectual property, Defendants engaged in intentional acts. As the Defendants knew or should have known (and only could not have known through willful blindness) that the copyright they infringed upon was California intellectual property, the Defendants expressly aimed their acts at a California company.

COMPLAINT

5.      The Plaintiff is well-known as being a California company and the entertainment industry is commonly known to be centered in this jurisdiction.  There was clearly foreseeable harm in this jurisdiction, and the Defendants' conduct caused harm that they knew or should have known was likely to be suffered in this forum.

6.      It was a foreseeable consequence of the Defendants' actions that the Plaintiff would suffer harm to its profits, business reputation, and goodwill.  It was foreseeable that Plaintiff would suffer these harms in this jurisdiction and venue.

## VENUE

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

8.      As this is a copyright infringement action, venue is allowed in any judicial district where, if treated as a separate state, the defendants would be subject to personal jurisdiction.  For the reasons set forth in the jurisdiction section above, each Defendant is subject to personal jurisdiction in the Central District of California and thus venue here is proper.

## INTRODUCTION

9.      This is an action by CELESTIAL, INC., a California corporation, to recover damages arising from infringement of a Celestial, Inc. owned motion picture by Defendants DOE 1 to 32 and to enjoin Defendants from future infringement.

-3-

10.     Defendants without authorization reproduced and distributed Celestial, Inc.'s motion picture.  Celestial previously registered the copyright for the motion picture with the United States Copyright Office.   The U.S. Copyright Office assigned the work the registration number PA 1-715-691.  A true and complete copy of the registration is attached hereto as exhibit A.[1]

11.     On November 8, 2011, Celestial Productions released and published the movie at issue in this action.

12.     A mere eight days later, on November 16, 2010, using BitTorrent technology, Defendants acted in a collective and interdependent manner in the unlawful reproduction and distribution of Plaintiff's motion picture by exchanging pieces of the motion picture (bits) between themselves and other bit torrent users during a less than twelve-hour period, with the first infringing action documented at 11:31 a.m. and the last recorded at 10:31 p.m.

13.     Each time an individual, such as the Defendants in this matter, unlawfully distributes a copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each recipient can then further distribute that unlawful copy to others without degradation in sound or picture quality.   Thus, a Defendant's distribution of even a single unlawful copy of the Motion Picture can result in the

_____

[1] Bryan W. Ott, dba Celestial Productions originally registered the copyright, but later assigned the entire copyright to Celestial, Inc.

-4-

COMPLAINT

nearly instantaneous worldwide distribution of that single copy to a limitless number of people.

14.     By engaging in such illegal distribution of its works, especially within days of the release of the work, the Defendants deprived Plaintiff of its exclusive right and its ability to sell the work in the market place at its true market value.

15.     Plaintiff seeks redress for the Defendants' infringement of its exclusive rights in its work and for injunctive relief to stop Defendants from continuing to infringe upon Plaintiff's copyrighted work.

## THE PARTIES
### THE PLAINTIFF CELESTIAL, INC.

16.     Celestial, Inc. is a California corporation with its principal place of business located at 23248 Canzonet Street Woodland Hills CA 91367.  Celestial, Inc. produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

### THE DEFENDANTS - DOES 1 TO 32

17.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 to 32 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address an Internet service provider assigned to the account the Defendant used to access the Internet for the purposes of engaging in the described infringing activity on November 16, 2011 and possibly before.  The IP

COMPLAINT

address of the account each Defendant used to access the Internet, together with the date and time at which his or her infringing activity was observed is listed herein.

18.     All of the Defendants republished and duplicated the Plaintiff's motion picture.  However, they did not only replicate the exact same motion picture, but all of the Defendants republished, duplicated, and replicated the precise same copy and same hash version (UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF).  Thus, all Defendants replicated and shared with one another the exact same precise file and portions thereof in a completely interconnected and concerted effort to deprive Plaintiff of its exclusive rights under the Copyright Act.

19.     Plaintiff is informed and believes and based thereon alleges that each of the Defendants, was and is the agent of the other Defendants, acting within the purpose and scope of said agency.  Plaintiff is further informed and believes and based thereon alleges that each of the Defendants, authorized and ratified the conduct herein alleged of each of the other Defendants.

20.     Plaintiff believes that information obtained in discovery will lead to the identification of each Defendants' true name and permit Plaintiff to amend this Complaint to state the same.  Plaintiff will amend this Complaint to include their proper names and capacities when they have been determined.

21.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants performed, participated in, abetted in some

COMPLAINT

manner, and are responsible for, the acts described in this Complaint and proximately caused the damages resulting there from.

22.    Each of the fictitiously named Defendants engaged in their copyright infringement scheme together.  They all used the same torrent-sharing website to coordinate their copyright theft; they were members of the same swarm during the same twelve-hour period; they all used the same tracker file; they all shared and republished the same motion picture; and they all shared the precise hash file of the film with each other and other individuals.

23.    On November 16, 2010, each Defendant accessed the Internet for the purpose of reproducing and distributing with the remaining defendants and other peers pieces of Plaintiff's motion picture as reproduced in the file identified by the hash ID UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF.

24.    During the day of 11/16/2010 starting at least as early as 11:31:06 AM Defendant DOE 1, without authorization, reproduced and distributed Plaintiff's registered work motion picture by downloading bits of the digital file identified as Hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF from various bit torrent peers.  As DOE 1 downloaded the pieces of the file from bit torrent peers, he made those pieces available for immediate, as well as, future downloading by other bit torrent peers including the other DOE Defendants.

COMPLAINT

25.     On 11/16/2010 at 11:31:06 AM GMT, Plaintiff's investigators documented that DOE 1, as a bit torrent peer, offered Hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF for other bit torrent peers to download and that he or she was at that time connected to the Internet using the ip address 66.177.242.26.

26.     Plaintiff is informed and believes and based thereon alleges that Defendant continued to make pieces of the file available to other bit torrent peers for *at least*, but not limited to, the next 1.2 minutes, thereby making the motion picture or pieces thereof available for Defendant Doe Number 2 and other swarm members, including the remaining Defendants, to download and further distribute.

27.     During the day of 11/16/2010 starting at least as early as 11:32:26 AM, Defendant DOE 2, without authorization, reproduced and distributed Plaintiff's registered motion picture by downloading bits of the digital file identified as Hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF from various bit torrent peers who were seeding the file at that time including Doe 1.  As DOE 2 downloaded the pieces of the file, he or she made those pieces available for immediate, as well as, future downloading by other bit torrent peers including the remaining DOE Defendants.

28.     On 11/16/2010 at 11:32:26 AM GMT, Plaintiff's investigators documented that DOE 2, as a bit torrent peer, offered Hash

-8-

UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF for other bit torrent peers to download and that he or she was connected to the Internet at that time using the ip address 98.17.92.127.

29.    Plaintiff is informed and believes and based thereon alleges that DOE 2 continued to make pieces of the file available to other bit torrent peers for *at least*, but not limited to, the next .5 of a second, thereby making it available for Defendant Doe Number 3 and other swarm members, including the remaining Defendants, to download and further distribute.

30.    The remaining Doe Defendants acted in an identical fashion, first accessing the Internet to download pieces of file hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF from members of the same swarm, including previously mentioned Doe Defendants, and then further distributing those pieces to other members of the swarm, including the other Doe Defendants.

31.    Plaintiff's investigators documented those Defendants accessing the Internet at the times set for in below.  How long each Defendant participated in the swarm prior to and subsequent to the time recorded by Plaintiff's investigators can only be determined upon the taking of discovery.

32.    On 11/16/2010 at 11:32:31 AM and for some time prior to and after that precise moment, DOE 3 accessed the Internet to offer pieces of hash

UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF        using      the      ip      address 76.127.220.96.

33.    On 11/16/2010 at 11:33:06 AM and for some time prior to and after that precise moment, DOE 4 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF        using      the      ip      address 24.218.174.211.

34.    On 11/16/2010 at 11:33:26 AM and for some time prior to and after that precise moment, DOE 5 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF        using      the      ip      address 96.251.63.181.

35.    On 11/16/2010 at 11:34:32 AM and for some time prior to and after that precise moment, DOE 6 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF        using      the      ip      address 74.44.83.106.

36.    On 11/16/2010 at 11:35:44 AM and for some time prior to and after that precise moment, DOE 7 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF        using      the      ip      address 98.210.126.84.

37.    On 11/16/2010 at 11:36:48 AM and for some time prior to and after that precise moment, DOE 8 accessed the Internet to offer pieces of hash

COMPLAINT

UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF     using     the     ip     address
70.160.191.231

38.     On 11/16/2010 at 11:14:18 AM and for some time prior to and after that precise moment, DOE 9 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF     using     the     ip     address 75.84.99.124.

39.     On 11/16/2010 at 11:45:17 AM and for some time prior to and after that precise moment, DOE 10 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF     using     the     ip     address 71.239.67.60.

40.     On 11/16/2010 at 11:59:31 AM and for some time prior to and after that precise moment, DOE 11 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF     using     the     ip     address 174.49.59.10.

41.     On 11/16/2010 at 11:59:51 AM and for some time prior to and after that precise moment, DOE 12 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF     using     the     ip     address 71.251.171.170.

42.     On 11/16/2010 at 12:01:52 PM and for some time prior to and after that precise moment, DOE 13 accessed the Internet to offer pieces of hash

UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 68.192.89.218.

43.    On 11/16/2010 at 12:04:58 PM and for some time prior to and after that precise moment, DOE 14 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 99.50.233.118.

44.    On 11/16/2010 at 12:39:23 PM and for some time prior to and after that precise moment, DOE 15 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 76.120.181.238.

45.    On 11/16/2010 at 12:42:31 PM and for some time prior to and after that precise moment, DOE 16 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 24.225.39.101.

46.    On 11/16/2010 at 12:49:27 PM and for some time prior to and after that precise moment, DOE 17 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 71.108.18.114.

47.    On 11/16/2010 at 01:10:07 PM and for some time prior to and after that precise moment, DOE 18 accessed the Internet to offer pieces of hash

UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 68.91.130.58.

48.   On 11/16/2010 at 03:07:55 PM and for some time prior to and after that precise moment, DOE 19 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 71.79.191.153.

49.   On 11/16/2010 at 03:11:22 PM and for some time prior to and after that precise moment, DOE 20 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 76.101.150.131.

50.   On 11/16/2010 at 03:40:47 PM and for some time prior to and after that precise moment, DOE 21 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 74.65.23.124.

51.   On 11/16/2010 at 03:41:20 PM and for some time prior to and after that precise moment, DOE 22 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 71.23.84.184.

52.   On 11/16/2010 at 03:49:50 PM and for some time prior to and after that precise moment, DOE 23 accessed the Internet to offer pieces of hash

COMPLAINT

UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 71.15.30.218.

53.     On 11/16/2010 at 05:02:59 PM and for some time prior to and after that precise moment, DOE 24 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 108.21.195.149.

54.     On 11/16/2010 at 05:23:53 PM and for some time prior to and after that precise moment, DOE 25 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 98.74.188.178.

55.     On 11/16/2010 at 06:26:58 PM and for some time prior to and after that precise moment, DOE 26 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 98.218.164.136.

56.     On 11/16/2010 at 06:43:32 PM and for some time prior to and after that precise moment, DOE 27 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 69.206.65.191.

57.     On 11/16/2010 at 07:11:22 PM and for some time prior to and after that precise moment, DOE 28 accessed the Internet to offer pieces of hash

COMPLAINT

UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 71.196.159.137.

58. On 11/16/2010 at 07:46:53 PM and for some time prior to and after that precise moment, DOE 29 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 96.41.117.96.

59. On 11/16/2010 at 08:16:57 PM and for some time prior to and after that precise moment, DOE 30 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 75.22.119.229.

60. On 11/16/2010 at 09:17:18 PM and for some time prior to and after that precise moment, DOE 31 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 99.91.255.79.

61. On 11/16/2010 at 10:31:22 PM and for some time prior to and after that precise moment, DOE 32 accessed the Internet to offer pieces of hash UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF using the ip address 97.106.189.117.

62. Plaintiff intends to subpoena Internet service providers in order to learn the identity of the account holder's for the accounts used by Defendant Does 1-32 to

access the Internet and engage in the described infringing activity.   From there

Plaintiff will further investigate to discover who actually used the subscriber's

Internet connection to engage in the infringing activity and for how much time they

participated in the swarm prior to and subsequent to the investigators'

documentation.

## FACTS COMMON TO ALL CLAIMS

63.   Technological advances have made it increasingly possible to transfer

large amounts of data, including digital video files, by and through the Internet.   As

Congress and the courts clarify the law and close legal loopholes in order to hold

infringers liable for their actions, would-be infringers develop new and often

increasingly complex means of engaging in piracy, hoping that the complexity of

their systems will help them avoid detection, identification, and prosecution.

Defendants' infringement represents one of these manifestations of on-line digital

piracy.

64.   BitTorrent is a peer-to-peer file sharing protocol used for distributing

and sharing data on the Internet, including motion pictures. Rather than

downloading a file from a single source, the BitTorrent protocol allows users to join

a "swarm," or group, of hosts to download and upload from each other

simultaneously.

COMPLAINT

65.     First, a user goes to a BitTorrent tracking website.   The user cannot download the file from this website, rather the user downloads a pointer file that will keep track of all the other peers that are seeding either this entire file or pieces of the file.

66.     The downloaded file contains a unique hash code known as the SHA-1 hash – a unique identifier generated by a mathematical algorithm developed by the National Security Agency.   This hash serves as a roadmap to a BitTorrent program to download all the pieces of a file such as a motion picture or music file.

67.     Next, the user places the torrent file into a BitTorrent program on their computer, also known as a BitTorrent "client" application.   This program connects uploaders (seeders) of the file (i.e. those that are distributing the content) with downloaders of the file (i.e. those who are copying the content).   During this process, the torrent tracker directs the BitTorrent user's computer to other users who have an exact copy of the file, and then facilitates the download process from those users.

68.     Files obtained by this method are downloaded in hundreds of individual pieces (bits). In turn, each downloaded piece is immediately available for distribution to other users seeking the same file.   The effect of this technology makes every downloader also an uploader of the content.   This means that every

COMPLAINT

user who has a copy of the infringing material on a torrent network must necessarily also be a source of download for that material.

69.    The total number of users participating in a swarm at a given time increases the overall speed and efficiency at which all the other swarm members can download the entire file.  Thus, each user relies on the other swarm members for not only specific bits and pieces of the audiovisual file he exchanges to or from specific users, but also he relies on *all* the other swarm members to increase the speed at which he is able to download the file.  Each peer that is a member of the swarm at the time he is downloading an infringing file materially contributes to his infringing acts.

70.    The motion picture at issue in this action is of obvious high production values and is easily discernable as a professional work.  Plaintiff created the work using professional performers, directors, cinematographers, lighting technicians, set designers and editors.  Plaintiff created each work with professional-grade cameras, lighting, and editing equipment.   The audiovisual file begins by displaying a standard warning against copyright infringement and within ten seconds displays the name of the production, the name of the production company, and the California address of the production company.

COMPLAINT

71.     As set forth specifically in the "Parties" section above, Plaintiff has recorded each Defendant herein reproducing and distributing the motion picture by and through the Internet using BitTorrent technology.

## FIRST CLAIM

## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

Plaintiff Owns a Federally Registered Copyright of the Infringed Movie

72.     Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

73.     At all times relevant hereto, Plaintiff has been the producer and owner of the audiovisual work *Big Dick Glory Holes*, vol. 6, which Defendants reproduced and distributed by and through the Internet using BitTorrent technology.

74.     Plaintiff holds a copyright registration certificate from the United States Copyright Office for the motion picture.  The registration certificate number is PA 1-715-691.

Defendants Willfully Infringed Plaintiff's Registered Copyrights

75.     Plaintiff is informed and believes and based thereon alleges that Defendants without authorization, reproduced and distributed Plaintiff's copyright registered motion picture by and through the Internet using BitTorrent technology.

76.     Defendants knew or should have known that they were not authorized to reproduce or distribute Plaintiff's motion picture.  During the very first second of play of the audiovisual file, it displays a warning stating that "FEDERAL LAW

-19-

PROVIDES   FOR   CIVIL   AND   CRIMINAL   PENALTIES   FOR   THE

UNAUTHORIZED REPRODUCTION, DISTRIBUTION, OR EXHIBITION OF

COPYRIGHTED MOTION PICTURES, VIDEO TAPES, AND VIDEO DISCS"

and cites the relevant U.S. statutes.

**SECOND CLAIM**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

77.     Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

78.     Each Defendant has directly engaged in the unauthorized reproduction and distribution of Plaintiff's copyright registered work as set forth above.

79.     Each Defendant materially contributed to the direct infringement of the subsequently named Doe Defendants by providing pieces of Plaintiff's copyright registered work to those Doe Defendants directly and/or by allowing those Doe Defendants to download the infringing copies from other peers more quickly and more efficiently by adding to the overall efficiency of the swarm on the date in question.

80.     Defendants knew they were infringing Plaintiff's copyright and knew the other swarm participates, including the other Doe Defendants, also were infringing Plaintiff's work.

81.     It is helpful to think of the process of transferring files using BitTorrent technology in the context of a constructed puzzle.  In furtherance of sharing this puzzle, it is deconstructed into tiny pieces.  These pieces are then uploaded and distributed among one or more peers.  Once a peer identifies a file he wants to download, the Network locates all the peers currently on line and offering for distribution the identical file as identified by the unique HASH ID.     The technology, in conjunction with software residing on tracking servers, is capable of locating all the unique corresponding pieces that make up the original file.  The software then downloads pieces of the file from various peers, always seeking the pieces that will download the fastest.  Once all the pieces are located and downloaded, the software places the pieces into the original order thereby reconstructing the entire original copyrighted file.

82.     When users possess the same infringing file as identified by the unique hash value (as in this case), it is because each infringer possesses an exact digital copy containing the exact pieces unique to that file.  Returning to the puzzle analogy, other puzzles may be created out of the same motion picture, but those pieces will not fit together with the pieces from another puzzle, even if made from the same motion picture.  Only pieces from the puzzle identified by the unique hash i.d. will fit together.   Thus, the BitTorrent users rely on other users that are working with the same version of the puzzle at the same time.

COMPLAINT

83.     Each of the Defendants downloaded, uploaded, and distributed the precise same hash file - UOUXFRBA3KUQZTX5ZUWO2ZT6ZMJ6DXDF.

84.     Because it is the exact same motion picture, using the exact same hash, during the same twelve-hour period, and because each Defendant then materially contributed to the infringing acts of the subsequently named Defendants the transaction of events at issue in this Complaint is common to all Defendants, thus rendering the Defendants properly joined in this action.

85.     Each of the peers who illegally downloaded the movie derived portions of their illegal replication of the file from multiple peers including the other Defendants.  At the same time, each Defendant offered pieces of the file to help other peers, including the remaining Defendants, replicate and compile new copies of the file.

86.     Each Defendant assisted any other Defendant who was part of the swarm during overlapping times, by either exchanging pieces with that user directly or by providing an alternative source for peers thereby making the swarm work more efficiently and increasing the speed in which each other Defendant was able to download the entire audiovisual file.

87.     The Defendants were conscious of their own infringement and of the fact that multiple other persons derivatively downloaded from them the file containing Plaintiff's motion picture.

COMPLAINT

88.     The infringement by other BitTorrent users could not have occurred but for the Defendants' participation in uploading the Plaintiff's protected work.   As such, the Defendants' participation in the infringing activities of others is substantial.

89.     Each Defendant is contributory liable for the infringing acts of the subsequently named Doe Defendants.

90.     Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants contribution in the infringement of its copyright registered work.

## JURY DEMAND

91.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff Celestial, Inc. respectfully requests judgment as follows:

(1)     That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

COMPLAINT

(2)      That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

(3)      That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(4)      That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

(5)      That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

COMPLAINT

(6)    That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: *10·7·2011*                          Respectfully submitted,


D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff, Celestial, Inc.

-25-

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV11- 8512 GHK (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [_] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.