D. Gill Sperlein (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff Celestial, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CELESTIAL, INC,<br><br>    Plaintiff,<br><br>            vs.<br><br>JOHN DOES 1-10,<br><br>    Defendants | ) CASE NO.: C-11-08512 GHK (MRWX)<br>)<br>) NOTICE OF MOTION AND MOTION<br>) FOR LEAVE TO TAKE DISCOVERY<br>) PRIOR TO RULE 26 CONFERENCE<br>)<br>) Date:  December 21, 2011<br>) Time:  9:30<br>) Judicial Officer:  Michael Wilner<br>) (But submitted on record)<br>) |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on December 21, 2011 at 9:30 a.m., in Courtroom H, 9th Floor of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California, Plaintiff Celestial, Inc. will, and hereby does move the Court for and Order Granting Leave to Take Limited Discovery prior to the Rule 26 Conference.  This Motion will be based on this Notice of Motion and Motion, the Points and Authorities herein, the declarations and exhibits to the Motion, and the pleadings and papers filed in this matter.

1

## STATEMENT OF RELIEF SOUGHT

Plaintiff seeks a signed order permitting limited discovery prior to the scheduled Rule 26 conference for the reasons set forth herein, and in the concurrently filed Declarations of Tobias Fieser and Brian Ott in support of this motion. Judge King issued an order directing Plaintiff to comply with Federal Rule of Civil Procedure 4(m) and directing Plaintiff to "take all necessary action, *including the service of any subpoenas* on appropriate entities to ascertain the identities of the Defendants to ensure timely service under Rule 4(m)." (Order to Comply with Fed. R. Civ. P. 4(m), *emphasis added*, ECF No. 5)

Plaintiff did not confer with opposing counsel prior to filing this Motion as required by Local Civil Rule 7-3 because no defendants have been named or served and Plaintiff cannot identify them until the requested discovery takes place. Pursuant to Local Rule 7-15, and in light of the nature of the request and the fact that no Plaintiff has yet to name Defendants, Plaintiff waives oral argument, consents to submit the issue on the record, and respectfully requests that the Court issue the proposed order as soon as possible in order to allow sufficient time to identify and serve the defendants in a timely manner.

## INTRODUCTION AND FACTUAL BACKGROUND

Celestial, Inc. is a California corporation that produces, markets, and distributes erotic movies. Complaint at ¶16. DOE Defendants 1 through 10 without

authorization reproduced and distributed infringing copies of Plaintiff's audiovisual work *Big Dick Glory Holes #6*." Complaint, *passim*. In its Complaint, Plaintiff also identifies twenty- two (22) additional individuals who Plaintiff has not yet named as party defendants. When Plaintiff discovers the true names of these individuals, it will seek to amend the Complaint to add them as party defendants.[1]

Celestial, Inc. engaged IPP International UG (IPP) to locate and document infringing copies of its copyright protected works on bit torrents networks. Declaration of Tobia Fieser in Support of Plaintiff's Motion for Leave to Take Discovery prior to Rule 26 Conference (Fieser Decl.) at ¶11. IPP identified locations from which individuals distributed files previously verified to be Celestial movies and recorded the IP address and the exact time and date at which it witnessed the infringing files. *Id*. at ¶¶13-14.

In order to determine the identity of the subscribers, Plaintiff must now subpoena the Internet service providers (ISPs) that provided Internet access to the infringers. Internet access providers only maintain subscriber activity logs for a short period before destroying the information contained in the logs. *Id*. at ¶20.

---

1. Local Civil Rule 19-1 states that "[n]o complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties." However, the rule does not restrict the number of defendants that may be properly joined once identified.

Accordingly, Plaintiff seeks a signed order from the Court allowing discovery as soon as possible.

## ARGUMENT

### I. Federal Rules Allow for Early Discovery.

Judge King has directed Plaintiff to serve any necessary subpoenas. (Order, ECF No. 5) Rule 26(d) provides that a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. Pro. 26(d). A court may grant a request to take discovery prior the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause. *See, Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. Good cause is frequently found in cases involving claims of infringement and unfair competition. *Id*.

Courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.

*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Each of these factors resolves in favor of granting Plaintiff's requested relief.

First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered work by the individuals identified as DOES in the Complaint. Fieser Decl. at ¶¶12 and 23. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who performed the infringing acts. *Id*. at ¶21.

Second, there are no other practical measures Plaintiff could take to identify the potential Defendants. *Id*. Due to the nature of on-line transactions, Plaintiff has no way of investigating the identities of the potential Defendants' except through a third-party subpoena to the ISP. *Id*.

Third, Plaintiff has asserted against the potential defendants identified in its Complaint a *prima facia* claim for copyright infringement that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that a) it owns and has registered the copyrights in the work at issue and b) the specified potential defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. Plaintiff submits concurrently with this request, Brian Ott's declaration attaching a copy of the relevant copyright registration certificate issued by the United States Copyright Office and Assignment.

Declaration of Brian Ott in Support of Plaintiff's Motion for Leave to Take Discovery prior to Rule 26 Conference (Ott Decl.) at ¶3, Exhibits A and B. These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3). Clearly, Plaintiff has a legitimate interest in identifying the name and address of the subscribers of the Internet access accounts used to access bit torrent and infringe Plaintiff's work.

**II. Plaintiff Provides an Explanation of Specific Requests.**

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible. *See Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).

The infringement at issue in this action occurred through a distribution method commonly referred to as peer-to-peer (P2P). Users download software to their computers that allows them to locate and transfer files to and from other users. In order to use the software to locate and exchange files, a user must connect to the Internet. Fieser Decl. at ¶¶4 and18.

Individuals gain access to the Internet through an Internet service provider (ISP). When an ISP such as AT&T Internet Services provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office.

*Id*. at ¶16. Each time the subscriber accesses the Internet, the ISP provides a unique number to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone number. *Id*. at ¶17.

IPP identified and documented the IP addresses from which individuals connected to the Internet for the purpose of distributing unauthorized copies of Plaintiff's movie to others by and through P2P technology. *Id.* at ¶¶14 and 19. IPP recorded the exact date and time individuals used various IP addresses to access the Internet to make these files available. *Id.* Plaintiff now seeks to serve subpoenas on the ISPs to determine the name and address of the subscribers to whom ISPs assigned the various IP addresses recorded by IPP.

Plaintiff requests that the Court issue an order allowing Plaintiff to serve subpoenas on Internet service providers. Judge King has directed Plaintiff to serve such subpoenas and District Judges have granted such orders in similar cases. See, *UMG Recordings, Inc. v. Does*, 2006 U.S. Dist LEXIS 32821, *6 (N.D. Cal. Mar. 6, 2006).

**III.  Plaintiff Suggests Measures to Protect the Individual's Due Process Rights.**

Because Plaintiff has not yet identified defendants, they are not represented and will not have an opportunity to oppose this motion. Attorneys may have even a greater duty of candor to the court under such circumstances.

It is important to recognize the holder of the Internet access account may not be the person who engaged in the infringing activity. While we know the infringers accessed the Internet from the account holder's modem, the actual infringer may have been a member of the household, a visitor to the household, or in cases where individuals have carelessly failed to secure a wireless network, even someone outside the household. Still, just as the investigation of a hit and run would start with the automobile owner of a license plate number recorded at the scene, here the investigation must start with the Internet access account owner. In the vast majority of cases, the owner or a member of their household will be the infringer. In cases where the infringer is not a household member, the subscriber will likely want to know that others are accessing their account for nefarious purposes. Understanding this, we can now turn to measures designed to ensure the Court protects the due process rights of the account holders.

First, the subpoenas should provide account holders with ample time to file a motion to quash and a detailed notice of their rights including their right to file a motion to quash. Plaintiff's Proposed Order contemplates such notice and provides suggested language.

Second, the known facts suggest that each of the DOES is subject to personal jurisdiction in the Central District of California under the effects test. However, since the account holder may not be the person eventually named as a defendant,

account holders whose information Plaintiff subpoenas should be able to do so close to their home jurisdiction.  The proposed order guarantees subscribers who wish to file a motion to quash can file their motion in a district in which they are known to have ties (i.e. the home district of the ISP with whom they contracted for Internet service).

### IV.   Cable Privacy Act, 47 U.S.C. § 551

Some Internet service providers are also cable companies subject to the provisions of the Cable Privacy Act, 47 U.S.C. § 551, which prohibits cable companies from releasing records without a court order.  Several cable companies take the position that a subpoena is not a court order and thus refuse to release records based solely on a subpoena.  Plaintiff requests that the Court's Order specifically directing the release of subpoenaed documents.

### CONCLUSION

For the forgoing reasons, Plaintiff respectfully asks that the Court grant Plaintiff's request and enter an order substantially in the form of the attached Proposed Order.

Dated:   *November 23, 2011*          Respectfully submitted,

                                    */s/ D. Gill Sperlein*

                                    _____
                                    GILL SPERLEIN
                                    Attorney for Plaintiff CELESTIAL, INC.