NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CELESTIAL, INC, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOES 1-10, <br><br> Defendants | CASE NO. CV 11-8512 GHK (MRWx) <br><br> [~~PROPOSED~~] ORDER GRANTING PLAINTIFF LEAVE TO TAKE EARLY DISCOVERY <br><br> Date: n/a <br> Time: n/a <br> Judicial Officer: Hon. Michael Wilner |

**[~~PROPOSED~~] ORDER**

United States District Judge George H. King issued an Order directing Plaintiff to "take all necessary action, including the service of any subpoenas on appropriate entities to ascertain the identities of the Defendants to ensure timely service under Rule 4(m)." (Order to Comply with Fed. R. Civ. P. 4(m) ECF No. 5) Plaintiff filed a motion to request a court order specifically permitting the

discovery contemplated in Judge King's Order and providing further Court oversight with regard to the subpoenas. Having considered Judge King's Order and Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26 Conference and considered the sworn declarations and issues raised therein, and finding good cause therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion is GRANTED. Plaintiff may immediately serve subpoenas on Internet Service Providers (ISPs) to obtain subscriber information for subscribers assigned IP addresses identified by IPP International and listed in the Complaint. Such information shall be limited to the name, addresses, telephone numbers, e-mail addresses and Media Access Control addresses as set forth in the sample subpoena lodged with the Court.

Plaintiff's counsel must issue the subpoenas from the District Court in which the ISP maintains its corporate offices or where it maintains the subpoenaed records. Plaintiff must provide each ISP a copy of this order and a copy of the information sheet attached hereto.

**IT IS FURTHER ORDERED** that subpoenas authorized by this order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. §551;

**IT IS FURTHER ORDERED** that any ISP receiving a subpoena pursuant to this order shall serve a copy of the subpoena and a copy of this Order upon its

relevant subscribers within five days of receipt of the subpoena. Subscribers shall then have thirty days from the date of service upon them to file a Motion to Quash in the District Court from which the subpoena issued. If the thirty-day period elapses without a subscriber filing an objection or a motion to quash, the ISP shall have five days after said lapse to produce the information to Plaintiff pursuant to the subpoena.

If a subscriber files a motion to quash, the ISP may only withhold information as to that subscriber and must produce information for any other subscriber(s) for whom Plaintiff has subpoenaed records.

Any ISP that receives a subpoena shall not assess any charge to the Plaintiff *in advance* of providing the information requested in the Rule 45 Subpoena. After records are produced, if an ISP elects to request from Plaintiff a fee for processing and responding to subpoenas issued pursuant to this Order, such fees shall not exceed $50 per subscriber, unless the ISP first provides a billing summary and any cost reports that serve as the basis for such billing summary and has such costs approved by this Court. ISPs may not request reimbursement when records no longer exist and thus are not produced.

**IT IS FURTHER ORDERED** that ISPs shall include in their notification to each subscriber, the information sheet attached hereto.

**IT IS FURTHER ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**IT IS FURTHER ORDERED** that good faith attempts by ISPs to notify the subscribers shall constitute compliance with this order.

**IT IS FURTHER ORDERED** Plaintiff may use any information produced to Plaintiff in response to subpoenas authorized under this Order solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

Dated: November 29, 2011    _____

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

*Celestial, Inc. v. Does 1-10*, 11-8512 GHK (MRWx), C.D. Cal.

**READ AT ONCE**

COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to your Internet Service Provider, [NAME OF ISP], requiring the disclosure of your name, address and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the Central District of California. This is a civil lawsuit, not a criminal case. You have not been charged with any crime.

Plaintiff has filed a lawsuit alleging that various people have infringed its copyrights by illegally downloading and/or distributing a motion to picture using peer-to-peer technology. However, the Plaintiff does not know the actual names or addresses of the individuals who engaged in the infringing activity – only the Internet Protocol address ("IP address") of the computer associated with the illegal activity.

Accordingly, Plaintiff has filed a lawsuit against anonymous "John Doe" defendants and issued subpoenas to various Internet Service Providers to determine the identity of the account holders of the IP addresses involved in the infringement. If you are receiving this notice, that means the Plaintiff has asked your Internet Service Provider to disclose your identification information, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking your information.

Your service provider has not yet disclosed information about you, but will disclose information about you in 30 days if you do not challenge the subpoena. If the Plaintiff receives your information from your Internet Service Provider, the Plaintiff's attorneys will contact you and may add you as a named defendant.

If you want to prevent the release of your identifying information, you have 30 days from the date of this notice to file a motion to quash the subpoena. If you elect to file a motion to quash, you must file it in the United States District Court for the District of [COURT ISSUING SUBPOENA], the Court from which the subpoena was issued. You must also notify your ISP and Plaintiff's attorney that you have filed a Motion to Quash.

If you file a motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion. If you do nothing, then after 30 days your ISP will be compelled to send the Plaintiff's attorney your name, address, email address, telephone number, and your modem's Media Access Control number.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. If you would like legal advice, you should consult an attorney. To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at:

http://www.abanet.org/lawyerlocator/searchlawyer.html

The Electronic Frontier Foundation is an organization that seeks to protect the rights

of Internet users. They have created a website that lists attorneys who have volunteered to consult with people in your situation:

https://www.eff.org/issues/file-sharing/subpoena-defense

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at (415) 404-6615, by fax at (415) 404-6616, or by email at subpoena@sperleinlaw.com. Understand these lawyers represent the company that is seeking your information and may sue you. They can speak with you about settling the lawsuit, if you wish to consider that. You may also go to their website, which offers information about settling the claim. www.sperleinlaw.com. You should not call the Court.

**You are obligated to preserve any and all evidence that may reasonably be relevant to this matter. Do not delete or erase any files from your computer(s) or reformat/scrub your hard drive(s). If you take any action that results in the destruction or loss of relevant evidence, a judge may allow an inference that the evidence was favorable to the opposition. A judge also could order default to be entered against you or impose other sanctions. This duty to preserve evidence includes without limitation, all electronic video files or other electronic files and/or data relating to copying or transmitting video files, relevant e-mails, dvds, copying/ripping equipment, or programs/applications used to copy or distribute video files.**

Again, you may wish to retain an attorney to discuss these issues and your options.